Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTORS

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DALE EUGENE BEHAN and** | § | **CASE NO. 25-43412-mxm** |
| **LINDA NELL BEHAN,** | § | |
| | § | **Chapter 11** |
| **Debtors.** | § | |

### DEBTORS' MOTION FOR RELIEF FROM AUTOMATIC STAY

### 14-DAY NEGATIVE NOTICE – LBR 4001-1:

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, LOCATED IN THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102 ON OR BEFORE NOVEMBER 28, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.  ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

DEBTORS' MOTION FOR RELIEF FROM AUTOMATIC STAY                    Page 1

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Pursuant to 11 U.S.C. § 362(d) and Federal Rules of Bankruptcy Procedure 4001(a), Dale Eugene Behan and Linda Nell Behan, debtors in the above-styled and numbered case ("Debtors" or "Movants"), by and through their undersigned counsel, hereby moves this Court for an order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow the continuation of pending litigation against Randall Truckenbrodt.   In support of this Motion, Movants respectfully represent as follows:

## I.       JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157.  Venue is proper pursuant to 28 U.S.C. § 1408(1).

2.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.       PROCEDURAL BACKGROUND

3.       On September 8, 2025, Debtors filed a voluntary petition under Chapter 11 in this Court.

4.       On September 16, 2025, Movants filed their Third Amended Plaintiffs Verified Original Petition and Third Amended Application for Equitable Relief ("Third Amended Petition") against Randall Truckenbrodt in the 415th Judicial District Court of Parker County, Texas (the State Court"), Case No. 2021-CA-051873 (the "Litigation").  A true and correct copy of the Third Amended Petition is attached hereto as **Exhibit 1**.

5.       Movants request that the Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to allow the continuation of the Litigation.  Movants believe that lifting the stay will not prejudice the Debtors' estate or their creditors because Movants only seek to recover from Randall Truckenbrodt.

### III.    FACTUAL BACKGROUND

6.      On June 30, 2017, Truckenbrodt had Debtors execute a general warranty deed to their homestead.

7.      Instead of the Debtors being paid for their homestead, Truckenbrodt had Debtors execute a promissory note dated June 30, 2017, in the amount of $1,815,000.00 to evidence a commercial loan with the homestead being the collateral for the loan.  In other words, the transaction was a sham mortgage of the homestead that Truckenbrodt's Illinois lawyer told him would help him avoid Texas homestead law.

8.      Then, in the fall of 2020 because the Debtors were behind on their payments on the commercial notice of June 30, 2017, Truckenbrodt forced the Debtors to sign a lease in order to stay in their home, with monthly rent payments of $12,500.00 in addition to their obligation to repay the commercial loan of $1,815,000.00 evidenced by the promissory notice of June 30, 2017.

9.      On April 30, 2024, Truckenbrodt filed a complaint for forcible detainer seeking to have the Debtors evicted from their home.

10.      Debtors filed a motion to dismiss on May 8, 2024, on the basis that the Truckenbrodt lease paragraph 45 required any dispute concerning the lease first be submitted to mediation, which, if unsuccessful, then be submitted to arbitration.

11.      The motion to dismiss was granted on May 13, 2024.

12.      After unsuccessful mediation followed by arbitration on April 16, 2025, the arbitrator delivered his final award, order the Debtors to vacate their home.

13.      The award was affirmed by Justice Court, who signed an order on August 28, 2025, ordering the Debtors to vacate their home.

14.  The order was not received by counsel for the Debtors within five (5) days to permit an appeal so that Debtors counsel filed the state court lawsuit to obtain a declaratory judgment that the deed is void since declaratory relief is outside the jurisdiction of a Justice Court.

15.  A writ of possession was issued by the Justice Court on September 3, 2025.

16.  On September 3, 2025, the Constable of Precinct 4 posted a notice on the Debtors' homestead putting the Debtors on notice they were going to be evicted on or after September 4, 2025.

17.  On September 15, 2025, Dale Behan received a call from the Constable to tell him that Truckenbrodt had asked that the eviction citation be enforced on October 7, 2025 at 9:00 a.m.

18.  If the Debtors are evicted, they will be homeless, and all of their furnishings will be outside since they no ability to store them.

19.  The litigation is stayed as a result of the bankruptcy filing.

### IV.  <u>ARGUMENT AND AUTHORITIES</u>

20.  Section 362(d) of the Bankruptcy Code provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §§ 362(d)(1).

21.     Cause is not defined in the Bankruptcy Code and must be determined on a case by case basis based on an examination of the totality of circumstances.  *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).  While Congress did not define "cause", Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in non-bankruptcy forums."  *In re United Imports, Inc.*, 203 B.R.162, 166 (Bankr. D. Neb.1996); see also *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir.1992) ("It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.").  The determination of whether cause exists to permit movant to proceed with state court litigation is left to the Court's discretion, and it is to be made based upon the facts of the case.  *Laguna Assoc. Ltd., v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

22.     The litigation involves only state law claims with which the State Court is very experienced.  No creditors or parties other than the parties to the litigation have any interest in the litigation.

23.     This Court should lift or otherwise modify the stay so that Debtors' claims can be timely adjudicated in the State Court.

WHEREFORE, Debtors request the Court to enter an Order granting this Motion and modifying the automatic stay provided under § 362 of the Bankruptcy Code in order to permit Debtors to prosecute their claims in the State Court, and for such other and further relief to which Debtors may be justly entitled.

Dated: November 13, 2025.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTORS

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on November 13, 2025, my paralegal emailed David Pritchard, counsel for Randall Truckenbrodt, regarding the Debtors filing the foregoing Motion.  Mr. Pritchard responded that he was unopposed to Debtors filing the foregoing Motion.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2025, a true and correct copy of the foregoing document was served via United States first class mail, postage prepaid, upon the parties on the attached service list.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

Label Matrix for local noticing
0539-4
Case 25-43412-mxm11
Northern District of Texas
Ft. Worth
Thu Nov 13 14:28:38 CST 2025

(p)BARRETT DAFFIN FRAPPIER TURNER & ENGEL  LL
4004 BELT LINE ROAD SUITE 100
ADDISON TX 75001-4320

501 W. Tenth Street
Fort Worth, TX 76102-3637

Amarillo National Bank
410 S Taylor St
Amarillo, TX 79101-1555

American Express
PO Box 981535
El Paso, TX 79998-1535

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

Attorney General of Texas
Bankruptcy Div
PO Box 12548
Austin, TX 78711-2548

Barclays Card Services
PO Box 8801
Wilmington, DE 19899-8801

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Credit One Bank
PO Box 60500
City of Industry, CA 91716-0500

Fidem Partners
14 Elliot Avenue Ste 2
Bryn Mawr, PA 19010-3412

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Code DAL-5020
1100 Commerce Street
Dallas, TX 75242-1100

Invenium Capital Partners
114 East Main Street
Northville, MI 48167-1688

JP Morgan Chase
P.O. Box 15369
Wilmington, DE 19850-5369

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Randy Truckenbrodt
1111 Spruce Dr.
Western Springs, IL 60558-5020

T Mobile/T-Mobile USA Inc
by AIS Infosource, LP as agent
PO Box 248848
Oklahoma City, OK  73124-8848

Texas Workforce Commission
101 East 15th Street
Austin, TX 78778-0001

U.S. Trustee's Office
1100 Commerce Street Room 976
Dallas, TX 75242-1011

US Atty General
10th and Constitution Ave., NW
Main Justice Bldg. Room 5111
Washington, DC 20530-0001

United Rentals (North America), Inc.
c/o Mark A Kirkorsky PC
PO Box 25287
Tempe, AZ 85285-5287

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Dale Eugene Behan
159 Waggoner Ct
Fort Worth, Tx 76108-9513

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, TX 75119-4744

Linda Nell Behan
159 Waggoner Ct
Fort Worth, Tx 76108-9513

Randy L Truckenbrodt
ATTN: BANKRUPTCY
1244 Southridge Court
Suite 102
Suite 102
Hurst, TX 76053-4307

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


JPMorgan Chase Bank, National Association     Comptroller of Public Accts
c/o BDFTE, LLP                                Revenue Acctg Div Bankruptcy Sec
4004 Belt Line Rd Ste. 100                    PO Box 13528
Addison, TX 75001                             Austin, TX 78711




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Weslease 2018 Operating, LP          (u)Southern Holdings          End of Label Matrix
                                                                      Mailable recipients    27
                                                                      Bypassed recipients     2
                                                                      Total                  29