McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, TX 75219
Telephone: 214-741-2662
Jonathan M. Vivat
jvivat@mccathernlaw.com
Justin N. Bryan
jbryan@mccathernlaw.com

*Counsel for Creditor/Movant*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DALE EUGENE BEHAN, LINDA NELL BEHAN | § | Case No. 25-43412-MXM7 |
| | § | Chapter No.: 7 |
| Debtors | § | Hearing Date: June 25, 2026, 1:30 p.m. |
| | § | |
| | § | |

### CREDITOR WESLEASE 2018 OPERATING, LP'S
### MOTION TO DISMISS CHAPTER 7 CASE

The creditor Weslease 2018 Operating LP ("**Weslease**") in the above-captioned Chapter 7 case (the "**Chapter 7 Case**") hereby files *Motion to Dismiss Chapter 7 Case* (the "**Motion**"), and moves this Court pursuant to section 707 of Title 11 of the United States Code and Rules 1017, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure for the entry of an order dismissing the Chapter 7 Case. In support of this Motion, Weslease respectfully shows the following:

### NOTICE AND HEARING

1. In accordance with the notice requirements of Rule 2002(a)(4) and the Court's self-calendaring procedures, Weslease sets this Motion for hearing on **June 25, 2026, at 1:30 p.m**.

## PRELIMINARY STATEMENT

2.      There is no purpose for this Chapter 7 Case because the debtors have no equity in their non-exempt assets, and a federal court receivership is already in place for purposes of marshaling and liquidating the debtors' assets.

3.      Dale and Linda Behan (the "Behans" or "Debtors") are judgment debtors of Weslease. They owe Weslease roughly more than $9 million pursuant to two federal judgments, including a judgment entered by the U.S. District Court for the Northern District of Texas (the "District Court") in Case No: 4:20-cv-00776-P (the "Related Case").

4.      The Debtors commenced a Chapter 11 bankruptcy case in their individual capacities on September 8, 2025. Dkt. No. 1. The Chapter 11 Plan was due by January 6, 2026. The Debtors failed to file a Chapter 11 Plan by the deadline.

5.      However, the U.S. District Court for the Northern District of Texas found that the Debtors have no equity in their non-exempt assets, and that all the Debtors' non-exempt assets are fully encumbered. Case No: 4:20-cv-00776-P, Dkt. No. 597, at ¶ 2. Furthermore, the Debtors' assets are subject to the Receivership imposed by the U.S. District Court for the Northern District of Texas, under which the receiver (the "Receiver") has taken exclusive control of all of the Debtors' non-exempt assets. Attached hereto as **Exhibit A** is a true and correct copy of the Receivership Order. Case No: 4:20-cv-00776-P, Dkt. No. 237.

6.      In addition, that Court found that the Debtors "have no cash flow and no funds with which to sustain a reorganization." Case No: 4:20-cv-00776-P, Dkt. No. 597, at ¶ iv. As such, any claim by the Debtors "as to [their] reorganization plans [is] speculative and implausible." *See In re Shoney, LLC*, No. 16-13905-JNF, 2017 WL 474314, at *4 (Bankr. D. Mass. Feb. 3, 2017) (holding that debtor failed to sustain burden of showing that reorganization is "in prospect").

7.      In their previous Chapter 11 Case, the Debtors did not file a plan to confirm a Chapter 11 Plan. Furthermore, the Debtors have indicated that they have no plan to reorganize. Specifically, during the 341(a) Meeting of Creditors in the previous Chapter 11 Case, the Trustee asked the Debtors about their proposal to repay the creditors, and Mr. Behan replied something to the effect of "I don't have a good answer to that" (paraphrase). Mr. Behan further stated that the only income the Debtors are generating is from social security. When the Trustee asked the Debtors about whether they have control of any operating entities or businesses that are generating income, Mr. Behan responded in the negative. Mr. Behan also indicated that the Receiver has already sold the assets that the Debtors would have allegedly used for a reorganization.

8.      Furthermore, the Debtors have failed to file a monthly statement of financial affairs since December 4, 2025. Nonetheless, the December 4, 2026, Monthly Operating Report states "N/A" on each entry in the "Part 4: Income Statement" Section. *See* Dkt. No. 41 at 2.

9.      On April 2, 2026, Creditor Randall Truckenbrodt filed a Motion to Convert from Chapter 11 to Chapter 7. Dkt. No. 72. On April 22, 2026, the Debtors filed a Notice of Voluntary

Conversion of Chapter 11 Case to Chapter 7. On May 1, 2026, the Chapter 11 Case was converted to Chapter 7. Dkt. No. 78.

10. Moreover, the Receiver is in the process of selling the Debtors' assets, so any corresponding liquidation is unnecessary and unlikely to generate additional value.

## JURISDICTION

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

12. The statutory and legal predicates for the relief requested herein are found in section 707 of Title 11 of the United States Code.

13. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

**I. There is no purpose for this Chapter 7 Case because the Debtors' have no equity in their non-exempt assets, and the Receivership is already in place for purposes of liquidating the Debtors' assets.**

14. Weslease respectfully submits that dismissal of the Chapter 7 Case is warranted because the current Chapter 7 Case has no purpose since the debtors have no equity in any of their non-exempt assets, and a federal court receivership is already in place for purposes of marshaling and liquidating the debtors' assets. As such, there is no benefit to creditors from the appointment of a Chapter 7 trustee, and the Debtors should not be permitted to prolong or sustain this case merely to take advantage of the benefits bankruptcy offers to debtors. Moreover, the Chapter 7 Case serves only to increase the costs of administration and burden the Court.

15. This Chapter 7 Case is fruitless because anything that would belong to the bankruptcy estate has already been assigned to the Receivership Estate pursuant to the Receivership Order of the U.S. District Court for the Northern District of Texas. *See* **Ex. A** ("The Court appoints a receiver to take exclusive custody, control, and possession of non-exempt property of whatever kind and wherever situated of the Debtors, including without limitation, the securities, funds, property, premises, future interests, and other assets of whatever kind. The receiver shall also take exclusive custody, control, and possession of all entities owned in whole or to the extent they are owned in part by the Debtors . . . .").

**II. Section 707 of the Bankruptcy Code mandates dismissal upon a showing of "cause" for dismissal.**

16. Section 707(a) of the Bankruptcy Code provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--(1) unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C.A. § 707(a) (West). The three subsections in Section 707(a) in the statute are "merely illustrative, rather than

exclusive" or exhaustive. *In re Asset Resolution Corp.*, 552 B.R. 856, 862–63 (Bankr. D. Kan. 2016) ("The determination of 'cause' under 'for cause' dismissal turns on the totality of the circumstances. A Chapter 7 case may also be dismissed for other reasons which constitute cause.") (internal punctuation and citation omitted).

17.     In deciding whether to dismiss a Chapter 7 Case, the Court must consider:

all of the facts and circumstances leading up to the filing of this case to include the debtor's motive in filing the case, the purposes which will be achieved in this case, and whether the debtor's motive and purposes are consistent with the purpose of chapter 7, that is, to provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee all of the debtor's non-exempt assets for liquidation for the benefit of the debtor's creditors.

*Id.* at 862.

18.     "The Court may dismiss the Chapter 7 case if judicial economy would be furthered with no substantial detriment to the debtor or creditors. Ultimately, the decision to dismiss a Chapter 7 case for cause rests within the **sound discretion** of the bankruptcy court." *Id.* at 863 (emphasis added). There is "no reason" for a debtor "to remain in Chapter 7" when the Chapter 7 case was "not . . . filed to maximize value for creditors, . . . the Debtor has no business to reorganize, and there are no assets for the Trustee to liquidate." *Id.*

**III. Here, "cause" exists to dismiss this Chapter 7 Case because the Debtors have no non-exempt assets, and the Receivership is already in place to liquidate the Debtors' assets.**

19.     Here, "all of the facts and circumstances leading up to" this Chapter 7 Case show that cause exists to dismiss this Chapter 7 Case. *Id.* at 862. Specifically, the Debtors have no equity in their non-exempt assets, all the Debtors' non-exempt assets are fully encumbered, and the Receivership is already in place to liquidate the Debtors' assets. Case No: 4:20-cv-00776-P, Dkt. No. 597, at ¶ 2; **Ex. A**. In addition, the Receiver has been selling the Debtors' assets with the district court's authorization. *See, e.g.*, Case No: 4:20-cv-00776-P, Dkt. No. 685. Therefore, there are no assets to liquidate for the benefit of the creditors, and "judicial economy would be furthered with no substantial detriment to the debtor or creditors." *In re Asset Resolution Corp.*, 552 B.R. 863.

20.     Bankruptcy courts have held that dismissal of a Chapter 7 case is appropriate where, as here, "[a] Federal court receivership is already in place for the purposes of marshaling and liquidating [the debtor's] assets." *In re Bilzerian*, 258 B.R. 850, 858 (Bankr. M.D. Fla. 2001), *aff'd*, 276 B.R. 285 (M.D. Fla. 2002), *aff'd sub nom. Bilzerian v. SEC*, 82 Fed. Appx. 213 (11th Cir. 2003) ("The court believes that based on these circumstances, ample cause exists to dismiss this case. In addition to [debtor's] motives in filing the case, his inability to discharge virtually any significant debt and the fact that he has filed the case as one of 'no assets,' persuades this court that 'cause' exists.").

21.     Similarly, bankruptcy courts have held that dismissal of a Chapter 7 case is appropriate where, as here, the debtors have little or no assets, have no business to reorganize, and are not "pursuing a fundamental Chapter 7 bankruptcy purpose—liquidating assets for the benefit of creditors." *In re Asset Resolution Corp.*, 552 B.R. at 863 (holding that dismissal appropriate where Chapter 7 case was "not . . . filed to maximize value for creditors, . . . the Debtor has no business to reorganize, and there are no assets for the Trustee to liquidate").

22.     "[T]he purpose of Chapter 7 [is] to provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee all of the debtor's non-exempt assets for liquidation for the benefit of the debtor's creditors." *In re Bilzerian*, 276 B.R. at 287. Here, the Debtors have clearly indicated that they have no business to reorganize, no assets with which to sustain a reorganization, and no plan to reorganize. Their voluntary conversion to Chapter 7 is merely an attempt to enjoy the benefits of bankruptcy without pursuing the purposes of Chapter 7.

**IV. Cause exist the Debtors' Chapter 7 Case for bad faith under the totality of the circumstances.**

23.     Furthermore, the totality of the circumstances, including judicial findings from the Related Case, show prepetition bad faith sufficient to establish cause to dismiss the bankruptcy case. "Bankruptcy courts routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 365 (2007). "[A] debtor's bad faith in the bankruptcy process can serve as the basis of a dismissal 'for cause.'" *In re Krueger*, 812 F.3d 365, 370 (5th Cir. 2016).

24.     Factual findings from the related case show that the Debtors improperly attempted to avoid paying their creditors. In the Related Case, the district court found that Weslease's judgments became final, the Debtors used their control over a bank account in the name of their company River North Farms, Inc. to transfer the entire sum in the bank account to third parties between November 2023 and February 2024. Case No: 4:20-cv-00776-P, Dkt. No. 685. The district court ordered that "[t]he automatic stay under Section 362(a) does not apply to the [Texas Fraudulent Transfer Act] claims by Weslease arising from the disbursement of the $2,245,048.10" to third-party transferees. Case No: 4:20-cv-00776-P, Dkt. No. 685.

25.     In addition, in the Related Case, there has been heavy court intervention to address the misconduct of the Debtors and their attorney, J. Shelby Sharpe. Among many of the Court's sanctions, the Court entered civil contempt sanctions against the Behans and their counsel at a May 21, 2024, hearing. In addition, the Court ordered that a miscellaneous case be opened to address Mr. Sharpe's "false representations to the Court concerning ownership and possession of various entities and physical property as pertaining to his clients and "affirmative actions to prevent [Weslease] from accessing entitled documents and property to which they are legally entitled." Case No: 4:20-cv-00776-P, Dkt. No. 166.

26.     Moreover, the Statement of Financial Affairs for Individuals Filing for Bankruptcy [Case No. 25-43412-mxm11, Dkt. No. 12] filed by the Debtors in their Chapter 11 Case provides another clear indication of the Debtors' bad faith. In their Statement of Financial Affairs, the Behans represented that they did not give any gifts with a total value of more than $600 per person

within two (2) years before they filed for bankruptcy. [Case No. 25-43412-mxm11, Dkt. No. 12, at 5]. However, the Debtors' numerous transfers to various transferees, all of which occurred within two years of the filing of the bankruptcy petition and many, if not all, of which were made for no return consideration, reveal that the Debtors' representation signed under penalty of perjury is categorically false.

27.     For all of the above reasons, there is ample cause to dismiss this Chapter 7 Case.

### PRAYER

28.     WHEREFORE, for the reasons set forth herein, Weslease respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, dismissing this Chapter 7 Case, and granting such other and further relief as is just and proper.

Dated: May 22, 2026                         Respectfully submitted,

Dallas, Texas                               */s/ Justin N. Bryan*
                                            Justin N. Bryan
                                            State Bar No. 24072006
                                            E-mail: jbryan@mccathernlaw.com
                                            Jonathan M. Vivat
                                            State Bar No. 24149779
                                            E-mail: jvivat@mccathernlaw.com

                                            McCathern, PLLC
                                            3710 Rawlins, Suite 1600
                                            Dallas, Texas 75219
                                            Telephone: 214-741-2662
                                            Facsimile: 214-741-4717

                                            **ATTORNEYS FOR CREDITOR/
                                            MOVANT**

### CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026 a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

                                            */s/ Justin N. Bryan*
                                            Justin N. Bryan

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

Plaintiff,

v.                                                                      **No. 4:20-cv-00776-P**

**INNOVATIVE SAND SOLUTIONS, LLC,**
**ET AL.,**

Defendants.

### ORDER

Before the Court is Weslease 2018 Operating LP's ("Weslease") Motion for Appointment of Receiver [ECF No. 232]. The Court hereby **GRANTS** the Motion. **IT IS THEREFORE ORDERED**:

#### A. Document Preservation

Except as otherwise ordered by this court, each of Dale Behan, Linda Behan, Innovative Sand Solutions, LLC ("Debtors"), all affiliates, subsidiaries, agents, and persons subject to their control are temporarily restrained from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Debtors in any way, directly or indirectly.

#### B. Receivership

The Court appoints a receiver to take exclusive custody, control, and possession of non-exempt property of whatever kind and wherever situated of the Debtors, including without limitation, the securities,

funds, property, premises, future interests, and other assets of whatever kind. The receiver shall also take exclusive custody, control, and possession of all entities owned in whole or to the extent they are owned in part by the Debtors (collectively with Debtors, the "Receivership Parties").

The receiver shall have full power to sue for, collect, receive and take into possession all assets, goods, rights, credits, monies, and effects of the Receivership Parties that: (a) are held in constructive trust for the defendants; (b) were fraudulently transferred by the defendants; or (c) may otherwise be includable as assets of the estates of the Receivership Parties.

<u>Mr. J. Robert "Bobby" Forshey</u>, whose address is 777 Main St. Ste 1550, Fort Worth, Texas 76102, is appointed to serve without bond as receiver for the estates of the Receivership Parties.

### C. General Powers and Duties of Receiver

The receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the entity Receivership Parties under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of Federal Rule of Civil Procedure 66.

The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Parties are dismissed and the powers of any general partners, directors, and/or managers are suspended. Such persons and entities shall have no authority with respect to the Receivership Parties' operations or assets, except to the extent as may hereafter be expressly granted by the receiver.

No person holding or claiming any position of any sort with any of the Receivership Parties shall possess any authority to act by or on behalf of any of the Receivership Parties.

Subject to the specific provisions below, the receiver shall have the following general powers and duties:

1. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Parties, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Parties own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collec-tively, the "Receivership Estates");

2. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Parties; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

3. To manage, control, operate, and maintain the Receivership Estates and hold in his/her possession, custody and control all Receivership Property, pending further order of this court;

4. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his/her duties as receiver;

5. To take any action which, prior to the entry of this order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Parties;

6. To engage and employ persons in his discretion to assist him/her in carrying out his/her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered

representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers. The receiver shall give special consideration to the efficiency which may be promoted through the use of the realtor previously engaged by Weslease for the purpose of listing and selling real property located in Hood County, Texas;

7. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

8. The receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

9. To bring such legal actions based on law or equity in any state, federal, or foreign court as the receiver deems necessary or appropriate in discharging his/her duties as receiver; and,

10. To take such other action as may be approved by this court.

## D. Access to Information

The Receivership Parties and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity receivership defendants, as well as those acting in their place, are ordered to preserve and turn over to the receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Parties and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

Within 30 days of the entry of this order, the Debtors shall file with the court and serve upon the receiver a sworn statement listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys,

4

accountants, and any other agents or contractors of the Receivership Parties; and (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Parties.

Within 30 days of the entry of this order, the Debtors shall file with the court and serve upon the receiver a sworn statement and accounting, with complete documentation, covering the period from January 1, 2018, to the present:

1. Of all Receivership Property, wherever located, held by or in the name of the Receivership Parties, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or ex-ercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry, and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

2. Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Parties have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, any of the Receivership Parties;

3. Identifying all credit, bank, charge, debit, or other deferred payment card issued to or used by each of the Receivership Parties, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with

authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last 36 months;

4. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received, since January 1, 2018;

5. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity, since January 1, 2018; and

6. Of all transfers of assets made by any of them, since January 2014.

Within 30 days of the entry of this order, the Receivership Parties shall provide to the receiver and Weslease copies of the Receivership Parties' federal income tax re-turns for the years 2014 to present with all relevant and necessary underlying documentation.

The Receivership Parties past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers, and general and limited partners, and other apppropriate persons or entities shall answer under oath to the receiver all questions which the receiver may put to them and produce all documents as required by the receiver regarding the business of the Receivership Parties, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Parties. In the event that the receiver deems it necessary to require the appearance of the aforementioned persons or entities, the receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions Rule 26(d)(1), concerning any subject matter within the powers and duties granted by this order.

The Receivership Parties are required to assist the receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the receiver.

### E. Access to Books, Records and Accounts

The receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books, and records and all other documents or instruments relating to the Receivership Parties. All persons and entities having control, custody or possession of any Receivership Property are directed to turn such property over to the receiver.

The Receivership Parties, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Parties, and any persons receiving notice of this order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Parties are directed to deliver the same to the receiver or the receiver's agents and/or employees.

All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Parties that receive actual notice of this order by personal service, facsimile transmission, or otherwise shall:

1. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Parties except upon instructions from the receiver;

2. Not exercise any form of set-off, alleged set-off, lien, foreclosure or any form of self-help whatsoever, or refuse to transfer any funds or assets to the receiver's control without the permission of this court; and,

3. Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the receiver or at the direction of the receiver.

## F. Access to Real and Personal Property

The receiver is authorized to take immediate possession of all personal property of the Receivership Parties, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

The receiver is authorized to take immediate possession of all real property of the Receivership Parties, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything on such premises.

In order to execute the express and implied terms of this order, the receiver is authorized to change door locks to the premises described above. The receiver shall have exclusive control of the keys. The Receivership Parties, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

The receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Parties, and to inspect all mail opened prior to the entry of this order, to determine

whether items or information therein fall within the mandates of this order.

Upon the request of the receiver, the United States Marshal Service, in any judicial district, is ordered to assist the receiver in carrying out his/her duties to take possession, custody and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

### G. Notice to third parties

The receiver shall promptly give notice of his or her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Parties, as the receiver deems necessary or advisable to effectuate the operation of the receivership.

All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Parties shall, until further ordered by this court, pay all such obligations in accordance with the terms thereof to the receiver and its receipt for such payments shall have the same force and effect as if the receivership defendant had received such payment.

In furtherance of his/her responsibilities in this matter, the receiver is authorized to communicate with, and/or serve this order upon, any person, entity, or government office that he/she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this order upon the request of the receiver.

The receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Parties (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Parties. The Postmaster shall not comply with, and shall immediately report to the receiver, any change of address or other instruction given by anyone other than the receiver concerning the

9

Receiver's Mail. The Receivership Parties shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the receiver. All personal mail of any natural person Receivership Parties, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the receiver, shall be released to the named addressee by the receiver. The foregoing instructions shall apply to any proprietor, whether natural person or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Parties. The Receivership Parties shall not open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this order, whether through the U.S. mail, a private mail depository or courier service.

The receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Parties, or their officers, directors, agents, em-ployees, or trustees, and to take any and all appropriate steps in connection with such policies.

### H. Restraint against Interference with Receiver

The Receivership Parties and all persons receiving notice of this order by personal service, facsimile or otherwise, are restrained from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the receiver, which would:

1. Interfere with the receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, foreclosure, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

2. Hinder, obstruct, or otherwise interfere with the receiver in the performance of his or her duties; such

10

prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

3. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Parties, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Parties or which otherwise affects any Receivership Property; or,

4. Interfere with or harass the receiver or interfere in any manner with the exclusive jurisdiction of this court over the Receivership Estates.

The Receivership Parties shall cooperate with and assist the receiver in the performance of his/her duties.

The receiver shall promptly notify the court and Weslease's counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this order.

## I. Managing Assets

For each of the Receivership Estates, the receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

The receiver's deposit account shall be entitled "Receiver's Account, Estate of [name of Receivership Parties]" together with the name of the action.

The receiver may, without further order of this court, transfer, compromise, or otherwise dispose of any receivership property, other than real estate, in the ordinary course of business, on terms and in the

11

manner the receiver deems most beneficial to the receivership estate, and with due regard to the realization of the true and proper value of such Receivership Property.

Subject to the provisions below, the receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the receivership estates, either at public or private sale, on terms and in the manner the receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. The receiver shall give all due consideration to the efficiency which may be promoted through the use of the realtor previously engaged by Weslease for the purpose of marketing and selling real property located in Hood County, Texas.

Upon further order of this court, the receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

The receiver is authorized to take all actions to manage, maintain, and/or winddown business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

### J. Investigate and Prosecute Claims

Subject to the requirement that leave of this court is required to resume or commence certain litigation, the receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in, or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his/her discretion, and in consultation with Weslease's counsel, be advisable or proper to recover and/or conserve Receivership Property.

Subject to his/her obligation to expend receivership funds in a reasonable and cost-effective manner, the receiver is authorized, empowered, and directed to investigate the manner in which the

12

financial and business affairs of the Receivership Parties were conducted and (after obtaining leave of this court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the receiver deems necessary and appropriate; the receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this court as may be necessary to enforce this order.

The receiver holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Parties.

The receiver has a continuing duty to ensure there are no conflicts of interest between the receiver, his/her retained personnel, and the Receivership Estates.

### K. Liability of Receiver

Until further order of this court, the receiver shall not be required to post bond or give an undertaking of any type in connection with his/her fiduciary obligations in this matter.

The receiver and his/her agents, acting within scope of such agency are entitled to rely on all outstanding rules of law and orders of this court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the receiver or retained personnel be liable to anyone for their good faith compliance with their duties and responsibilities as receiver or retained personnel, nor shall the receiver or retained personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

This court shall retain jurisdiction over any action filed against the receiver or retained personnel based upon acts or omissions committed in their representative capacities.

In the event the receiver decides to resign, the receiver shall first give written notice to Weslease's counsel of record and the court of its intention, and the resignation shall not be effective until the court appoints a successor. The receiver shall then follow such instructions as the court may provide.

### L. Fees, Expenses, and Accountings

Subject to the paragraphs below, the receiver need not obtain court approval prior to the disbursement of receivership funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior court approval is not required for payments of applicable federal, state, or local taxes.

Subject to the paragraphs below, the receiver is authorized to solicit persons and entities to assist him/her in carrying out the duties and responsibilities described in this order. The receiver shall not engage any retained personnel without first obtaining an order of the court authorizing such engagement.

The receiver and retained personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the court.

At the close of the receivership, the receiver shall submit a Final Accounting, as well as the receiver's final application for compensation and expense reimbursement.

### M. Directive to Financial Institutions

Pending further order of this court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Receivership Parties' assets at any time since January 1, 2014, shall:

> 1. Prohibit defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of assets, except as directed by further order of the court;

2. Deny Receivership Party and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of any Receivership Parties, either individually or jointly; or (b) otherwise subject to access by any Receivership Parties;

3. Provide the receiver, within fourteen business days of receiving a copy of this order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of any Receivership Parties, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of any Receivership Parties, either individually or jointly, or is otherwise subject to access by any Receivership Parties; and

Upon request by the receiver, promptly provide the receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe-deposit box logs.

## N. Direction to Persons Holding Related Assets

Any person who receives actual notice of this order by personal service or otherwise, and who holds, possesses or controls assets

exceeding $5,000 for the account or benefit of any one of the Receivership Parties, shall within fourteen (14) days of receiving actual notice of this order provide the receiver with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## O. Supercedence of Prior Orders

This order supersedes and/or amends all portions of the court's prior orders directing the turnover of assets of any Receivership Parties to Weslease. All such items are hereby Receivership Property of the Receivership Estates and shall be treated as such. For the sake of clarity, those portions of the court's prior orders which awarded attorneys fees' or imposed sanctions are not superseded. Those portions of the court's orders were for the purpose of addressing violations and breaches of the Debtors' duties to this court and Weslease.

**SO ORDERED** on this **27th day** of **September 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

16

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DALE EUGENE BEHAN, LINDA NELL | § | Case No. 25-43412-MXM7 |
| BEHAN | § | Chapter No.: 7 |
| Debtors | § | |
| | § | |
| | § | |
| | § | |

## ORDER GRANTING CREDITOR WESLEASE 2018 OPERATING, LP'S MOTION TO DISMISS CHAPTER 7 CASE

After considering *Creditor Weslease 2018 Operating LP's Motion to Dismiss Chapter 7 Case* (the "Motion"), the Court hereby **GRANTS** the Motion and dismisses the above-styled Chapter 7 Case.

**# # # END OF ORDER # # #**

Order Submitted by:
McCathern, PLLC
Justin N. Bryan
State Bar No. 24072006
3710 Rawlins St., Suite 1600
Dallas, TX 75219
Telephone: 214-741-2662
E-mail: jbryan@mccathernlaw.com